

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

ENTERED
12/21/2012

|  |  |  |
|---|---|---|
| IN RE | ) | |
| CITY OF ANGEL, LLC, | ) | CASE NO. 12-80461-G3-11 |
| | ) | |
| Debtor | ) | |
| | ) | |

## MEMORANDUM OPINION

The court heard "United Central Bank's Motion to Lift the Automatic Stay as to Property" (Docket No. 10) and after considering the response (Docket No. 13), pleadings, evidence, and arguments of counsel, the court makes the following Findings of Fact and Conclusions of Law, and will enter a separate Judgment granting the motion and lifting the automatic stay. To the extent any of the Findings of Fact herein are construed to be Conclusions of Law, they are hereby adopted as such. To the extent any of the Conclusions of Law herein are construed to be Findings of Fact, they are hereby adopted as such.

## Findings of Fact

On September 1, 2012, City of Angel, LLC ("Debtor") filed a voluntary bankruptcy petition under Chapter 11. Docket No. 1. Debtor owns and operates a motel, Scottish Inn, located at 2839 North Velasco, Angleton, Texas, which is Debtor's single asset. Debtor is owned by four members, each of which own a 25% interest in Debtor, a Texas limited liability company. Ashish Bhakta, one

of the members, is in charge of the daily activities of the motel and signed the petition as Debtor's representative.

The instant case is Debtor's second chapter 11 bankruptcy case.  Debtor's prior case, 11-80110-G3-11, was filed on February 28, 2011 and was dismissed January 26, 2012 with prejudice to refiling within 180 days pursuant to a motion filed by the United States Trustee.  Debtor did not oppose the United States Trustee's motion which was based upon want of prosecution, loss or diminution of the estate, absence of a reasonable likelihood of rehabilitation, failure to comply with filing requirements and failure to timely file a Disclosure Statement and Plan.  The instant case was filed three days prior to the date set for a foreclosure sale scheduled by United Central Bank ("UCB").  The court takes judicial notice of this Chapter 11 proceeding in addition to Debtor's previously filed Chapter 11 bankruptcy proceeding, Case No. 11-80110-G3-11.

UCB filed its Motion seeking relief from the automatic stay to enforce its rights under a promissory note, in the original amount of $1,650,000, secured by a blanket Deed of Trust on substantially all of the Debtor's property, including the real property, all personal property, furniture, and fixtures located thereon as well as revenues, rents and income derived therefrom. UCB Exhibits A-C. As of September 4, 2012, the total net payoff to UCB was $1,656,427.85.  Docket No. 10; UCB Exhibit D.

UCB's motion to lift the stay is based on cause pursuant to §362(d) in that: UCB lacks adequate protection; Debtor filed the instant case to prevent a scheduled foreclosure; Debtor has used UCB's cash collateral without authorization, Debtor has little or no equity in the property; the property is not necessary to an effective reorganization; and Debtor is not able to propose a plan that can be confirmed.

Debtor responded to and opposed the Movant's request to lift the stay.  Debtor claims that UCB is oversecured and that equity in the property exists.  Debtor claims that refinancing the debt, selling the property, or surrendering the property to UCB are all bases for a confirmable plan which Debtor proposes would take effect within 60 days of June 2013, the due date of the note. During the interim, Debtor proposes to make monthly payments to UCB.  Testimony of Ashish Bhakta.

Debtor's schedules in the instant case reflect that the real property is valued at $1,800,000 and the personal property is valued at $226,768.32 for a total asset value of $2,019,403. Besides UCB, the Debtor owes between $20,000 and $32,000 to taxing authorities which amounts are also secured by the property. Testimony of Bhakta; UCB Exhibits D and E.  The court notes that this value of the property is in excess of the amount Debtor owes to its secured creditors.  However, this alone does not provide

-3-

adequate protection, especially in light of the fact that the Debtor's valuations of its property have fluctuated.  In Debtor's first case, the personal property had a value of $228,539, but the real property had a value in the schedules of $2,300,000 and thereafter, in the disclosure statement, the real property had a liquidated value of $1,200,000.  Case No. 11-80110-G3-11, Docket Nos. 1, 16, and 62.

Bhakta testified that, since the filing of the instant case, no payments have been made to UCB.  He testified that since the case was filed, the money generated from the operation of the motel was deposited into a Wells Fargo account from which he paid monthly operating expenses of the Debtor.  The monthly expenses included amounts owed to unsecured creditors for utilities, cable, internet, phone, landscape service, laundry service, and pest control.  Bhakta testified he was aware of, and understood that, the money constituted UCB's cash collateral and that, prior to Debtor's using the money, court approval was required authorizing its use.  Despite this, no motion for use of cash collateral has been filed by Debtor in the instant case.  Bhakta testified that as of November 27, 2012, Debtor's bank account had a balance of approximately $20,000.

No disclosure statement or plan of reorganization has been filed by the Debtor.  Other than Bhakta's testimony as to possible alternative plans of reorganization that could be

proposed, no evidence was submitted by Debtor to establish that there was a reasonable possibility of a successful reorganization within a reasonable time and that the property at issue is necessary to that reorganization.  Bhakta testified that prior to filing the instant case, Debtor attempted to sell the property but the potential purchaser was unable to obtain financing.  The court finds that Bhakta's proposals for possible plans are based upon unsubstantiated hopes, and would ultimately result in unreasonable delay prejudicial to UCB.

No monthly operating reports were filed by Debtor until after the hearing on the instant motion.  The only reports on file are for the months of September 2012 and October 2012.  Docket Nos. 21 and 22.  Bhakta testified that he knew that Debtor was required to file timely operating reports each month and that monthly operating reports were filed in Debtor's first bankruptcy case.  He testified that the reports were different since the instant case was designated as a single asset real estate case, and that Debtor's accountant had difficulty filling them out.  Bhakta also testified that he discovered an accounting error that needed correction before the reports could be filed.

Although Bhakta testified that he attempted to make payments to UCB since the instant case was filed, he admitted that none had been made.  The court finds that Debtor has failed to provide UCB with adequate protection other than the hope that

-5-

Debtor would be able to refinance or sell the property a couple of months after the note matured.  The court finds that UCB is not adequately protected as a result of Debtor's failure to make payments, its failure to provide a viable plan of reorganization, and its failure to perform the duties of a debtor in possession. Debtor's duties include the timely filing of monthly operating reports and being accountable for all property received.  11 U.S.C. §§ 1107, 1106 and 704.  Debtor did not file its operating reports timely and has only filed reports for two months.  Since the inception of the instant case, Debtor has continually used UCB's cash collateral, without UCB's permission, or the court's authorization, and without an accounting.  As a result, the court finds that the automatic stay should be lifted for cause.

<u>Conclusions of Law</u>

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if-
> >
> > > (A) the debtor does not have an equity in such property; and

-6-

(B) such property is not necessary to an effective reorganization;

11 U.S.C. § 362(d).

What constitutes "cause" for the lifting of the stay pursuant to Section 362(d)(1) is not defined in the Bankruptcy Code. Whether cause exists must be determined on a case by case basis based on an examination of the totality of circumstances. *In re Reitnauer*, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); *In re Mendoza*, 111 F.3d 1264 (5th Cir. 1997).

Section 362(g) of the Bankruptcy Code provides:

(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

In a chapter 11 reorganization case, most of the property of the debtor in possession is likely to be "necessary" for the debtor's business and ultimate reorganization. However, it is not sufficient that property be necessary for any possible reorganization. It must be necessary for an effective reorganization. This means there "must be a reasonable possibility of a successful reorganization within a reasonable time," and that the property at issue is necessary to that reorganization. See 3

-7-

Collier on Bankruptcy ¶ 362.07[4][b](Alan N. Resnick & Henry J. Sommer eds., 16th ed.); *United Sav. Ass'n v. Timbers of Inwood Forest Assocs. Ltd.*, 484 U.S. 365, 375-76 (1987).

Based on the foregoing, the court will enter a separate Judgment lifting the stay to allow UCB to pursue any and all rights under state law it might have in connection with the collateral.

SIGNED at Houston, Texas on December 21, 2012.


LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE